HESTER *v.* STATE.*

(Division A.   Dec. 5, 1927.)

[114 So. 747.   No. 26848.]

CRIMINAL LAW. *Motion for new trial for newly discovered evidence must be accompanied by affidavit showing diligence, or other showing relative thereto.*

Motion for new trial on ground of newly discovered evidence must be accompanied by an affidavit showing diligence with reference to discovery of evidence on part of appellant and his counsel, or other showing relative thereto.

*Corpus Juris-Cyc. References: Criminal Law, 16CJ, p. 1221, n. 19.

APPEAL from circuit court of Pontotoc county.
HON. C. P. LONG, Judge.
Jess Hester appeals.   Affirmed.
See, also, 110 So. 443.

*Bratton & Mitchell,* for appellant.

The court erred in overruling the application of the defendant for a continuance.   The state's case was built up around the testimony of the negro witness, George Pickins. Who could say the result would not have been different had the defendant had the presence of the witness William Gordon, by whom the defendant expected to show and could have shown "George Pickins was not in town on the day of the homicide, and did not therefore see the killing?"

As we understand the rule, a motion for a new trial based on newly discovered evidence should be sustained

where (a) diligence has been shown; (b) the evidence is material to the issue; (c) goes to the merits of the case; (d) and not merely cumulative; (e) and, such as on another trial would produce an opposite result on the merits. *White v. State,* 45 So. 612; *Williams v. State,* 54 So. 857.

*J. A. Lauderdale,* for the state

In *Lundy v. State,* 44 Miss. 669, this court held that where the presence of witness was desired only for the purpose of impeaching a witness for the state, that a continuance was properly refused. The affidavit in support of the motion in this case shows that the only testimony expected from the absent witness was to impeach or contradict a witness for the state. See, also, *Ogle v. State,* 33 Miss. 383.

In *Ware v. State,* 133 Miss. 837, the court held that a continuance would not be granted unless the testimony of the absent witness, if present, would tend to establish some issue in the case.

After the verdict of the jury counsel for appellant filed a motion for a new trial. One of the grounds for said motion is "because the defendant has just discovered certain evidence very material to his defense in this case." The motion is not sufficient. It must be shown that neither the defendant nor either of his counsel knew of the testimony prior to the trial of the cause on its merits. The motion is not even signed by appellant. There is no proof that he did not know of this evidence prior to the trial of the cause. Appellant was represented by four attorneys. Neither of them make affidavit or testify that they did not know of this testimony prior to the trial of the cause on its merits. This motion was properly overruled for three reasons:

First, there is no evidence that defendant and his counsel had been diligent to learn of this alleged newly-discovered evidence.

Second, there is no evidence tending to show that they did not know of it prior to the trial.

Third, the evidence would only tend to·impeach witnesses for the state. *Tuberville* v. *State,* 38 So. 333; *Overton* v. *State,* 101 Miss. 607.

SMITH, C. J., delivered the opinion of the court.

The court below was warranted in believing that the witness, on account of whose absence the continuance of the case was requested, was not present when the appellant announced ready for trial. Moreover, the evidence which he would have given, if present, would merely have served to impeach a state's witness.

Assuming, but merely for the purpose of the argument, that the court below erred in permitting the introduction of evidence objected to by the appellant, the evidence was not of sufficient prejudice, if any, to him to warrant the reversal of the judgment.

The motion for a new trial on the ground of. newly discovered evidence is not accompanied by an affidavit showing diligence with reference to the discovery·of the evidence on the part of the appellant and his counsel, and no showing relative thereto was otherwise made..

*Affirmed.*